And clerk, would you please call the case? 316 for a people when a people with visual or a medical diagnosis are out of their system. Bond v. Jordan v. Santiago, Puerto Rico. Counselor, you may proceed. Good morning, Your Honor. Good morning. I guess that Harris case sort of terminates one argument, doesn't it? In part. In part. In part. Not the whole thing, but in... Yes. In part about the extension of... Right. It... It limits... It's not a final case, sir. But it does limit the argument that I made that the fact of the body sentence in this case required that the judge consider the defendant's age and litigation. So... Now, there's still time for petitions for re-hearing it. Yes. But it is a statement about the extension of Miller. It is. It is. And... But notwithstanding where we are with that case... I mean, there's still the other argument. In addition to the fact there could be a re-hearing. Correct, Your Honor. Things have been re-heard and changed. Yes, that's true. May it please the Court. The maximum sentence for the murderer in this case was 75 years. The trial court entered a near maximum sentence of 70 years. The defendant was 21 years old when the murder in this case occurred. Today, I will ask the Court to revamp this case for re-sentencing because the record shows that the Court and the parties were confused as to the law and the facts that applied to the defendant's sentencing. For example, as to the law. The Court asked whether it could make an extended term finding that the crime was brutal and heinous. The State argued that the Court couldn't make that finding and that the maximum sentence in that situation would be 115 years. That was a mistaken view of the law. Now, the sentencing judge subsequently retracted that. Specifically, and he specifically indicated that he courted no weight to that. I mean, he specifically says this on the record. Yes, he did. And so isn't that a situation where, as to that argument specifically, that was corrected by the trial judge prior to coming here? Which we're trying to encourage trial judges to make a mistake. That's the whole purpose of asking people to notify the trial judge. My response to your question, Your Honor, is that the key point in that withdrawal of the extended term finding that the judge had no discretion to make on the reprimanding, in the first place, is that the record shows he made that withdrawal believing that he had discretion to either make that finding or withdraw that finding. He had no such discretion at all. So, he could have changed his mind two minutes later and said, you know what, I'm making the finding again. He had no discretion to do that on the reprimanding. I mean, it appears that, you know, at that part of the record, it shows that it looks like the trial judge was under no misunderstanding about the applicable maximum sentence. Once you make, you know, the correction. The record is in big or so to death. Prior to the judge imposing the sentence, the state had argued that the maximum sentence could be 115 years. And the judge made the finding. He made the finding in the requirements for a long hearing. And, you know, actually, let me back up on that. The state argued that the maximum sentence would be 115 years. The judge then withdrew the prior finding that he had made with the primary ruling and imposed a near maximum 70-year sentence. Again, the point is that he had no discretion to even have considered that. His withdrawal of that finding, in his mind, was a matter of discretion. And he had no such discretion. He believed that an extended term sentence would have been acceptable. He just exercised his discretion not to impose the extended term sentence. He never understood that he had no discretion to even consider an extended term sentence. And that, I'm saying, was a mistake on the part of the judge. And that theory, you're basically basing that on his first finding, not the correct one. He never withdrew his belief. He expressly stated he was withdrawing the finding. And gave it no weight. Gave it no weight. He never stated that the finding was not extended term. He never understood that a penalty could be pivoted upon an extended term. Well, isn't this whole argument based on, and we see it often, is that sentencing is a continuum. Okay? And the legislature has said, you know, this is the end point. This is the beginning point or the base point. And you can consider all this stuff to point, to find a point on that continuum. So your whole argument is, as many of these arguments are, is that if you have the maximum end point incorrect, that somehow that prejudices the defendant because the point he or she ultimately picks on that continuum might have been influenced by a maximum end point that is not allowable. I mean, that's where these whole arguments rest, right? Yes. And so what do you have here to show that he misapprehended the maximum end point that might have influenced or impact his picking 70 when the maximum proper sentencing range was up to 75? Correct. In this case, it's very similar to this court's decision in Marikis. I hope that I'm pronouncing that correctly. Where the judge mistakenly believed that the defendant in that case was extended term eligible when, in fact, he was not. And then imposed a near maximum non-extended term sanction. That, I argue to the court, is what occurred in this case. The judge, although he withdrew the finding from a court that no waived, there's nothing in the record to show that he ever realized that an extended term sentence was not possible in this case under a penalty. He believed a discretion that he believed he had to not make the finding. And that's your position, though. Those words were not spoken by the judge, which you just said. He said he's withdrawing. He was wrong. He's withdrawing it, giving it no waive. Correct. And so, you know, objectively, you know, the question is, what is there in the record after that withdrawal saying he's giving it no waive? And the other statements he's made would indicate at all that he had some misunderstanding of the actual maximum sentence. The very high non-extended term sentence, as in my repeat. And the fact that there was never a recognition by the judge that a penalty prohibited consideration of an extended term sentence at all. And that's why I'm arguing that the judge may have, as in my repeats, the judge may have decided not to rely on the extended term factor, but that does not mean that the judge understood that an extended term sentence was not possible in this case. There was no recognition of a penalty in this case. So that's why I'm saying the judge, under the facts of this case, could have simply changed his mind two minutes later and made the finding again, but kept the sentence in the same mold. That wasn't done. It was not done. But the fact that he even considered the extended term sentence, the fact that the state agreed that an extended term sentence was possible, errors the law. And the fact that there was never any recognition that there was no discretion to impose an extended term sentence here suggests that the judge believed the extended term sentence was authorized, but he just exercised his discretion to not impose the extended term sentence. And therefore, all those cascading inferences that you're making are based on the first finding. In the first finding, the state's argument, there was no dispute as to whether he could impose an extended term sentence, and Scott would not object. He also misunderstood the law. The prosecutor clearly misunderstood the law. The judge misunderstood the law in making the finding in the first place. And there was no correction later based on a premonition. It was just the judge exercising a discretion he did not have in the first place to withdraw the finding. There's nothing to show he understood that there was no rule for an extended term finding in this case. The record simply shows that he exercised a discretion that he believed he had when, in fact, he did not have it. He also retracted the whole finding and said he gave it no weight. That's correct. That's correct. And that's what I'm saying on the fact that he had no discretion to make the finding or to withdraw the finding. There was just no room for the finding under the law. But he believed that he could make that finding and then withdraw the finding, which suggests that he believed the extended term sentence applied. And it was just a matter of him exercising discretion to impose it or not impose it. There was no understanding on his part that he not even considered the extended term sentence from the gatekeeper on an offense. So that would be my argument on that. There was another clear error of law in the case in that the mandatory consecutive sentence for the other offense in the case, non-captioning, was made concurrent, where under the law that sentence needed to be consecutive. It's a short sentence, but it still shows that hardly in the court simply had no understanding of the law that applied a dependent sentencing here. Does Castleberry play a role in this? Because it would appear that perhaps Castleberry prevents our review of this issue. Castleberry may apply, but whether it applies or not, the point that is emerging here is that there was just no understanding of the correct law as to consecutive or concurrent sentences. I guess the issue is whether, on this particular point, whether it deprived the defendant of a fair sentencing here. Yes, because it's axiomatic that the defendant was entitled to a fair sentencing decision based on an accurate understanding of the law and the facts. And that cannot occur here. There was no clear understanding that the extended term sentence was not allowed in this case. It should not have been even considered in this case.  These are mistakes of the law that escape the parties of the court. And this is a one-year, one-year mob act. Right, and I'm not arguing that that should be corrected. Perhaps the correction is prohibited on Castleberry. I'm pointing this error out just to underscore that there was confusion. You're putting this out as a component that, despite Castleberry, you're putting it out not for correction, you're putting it out for the whole big picture that the whole thing was confused. Exactly. The judge was confused about everything. Exactly. Even something as small as a one-year, which is not small to a personal one, and then when you do it consecutively, it's longer. Right. But the whole concept, the whole big picture. Exactly, Your Honor. This is not a hearing based on an accurate understanding of the law and the facts. Counsel, two minutes. Thank you. You know, the firearm enhancement was correct. The jury found that he wielded, that the defendant wielded the firearm during the event. There was, the court, again, I didn't emphasize this too much in my brief, but the court asked whether they could impose a 25 percent life enhancement. That was not authorized by the jury. I would like to touch briefly on an error of fact that I believe occurred here. Although Harris has limited the scope of the release that I asked for, of consideration of the release that I asked for, regarding the defendant's age, I was supposed to point out to the court that there is Illinois case law predating Illinois that shows that the defendant's age should have been considered in any event due to the fact that he had no significant prior criminal history. And, in fact, the judge found that the only factor of mitigation was that the defendant had no meaningful criminal history. So, the fact that the judge declined to consider the defendant's age of mitigation, under the mistaken belief that the defendant was 26 at the time of the offense when he was only 21 years old. The PSI indication was 21. Pardon? The PSI indication was 21. The PSI did indicate that. And the judge had the PSI. He did, he read the PSI. But, at the sentencing hearing, he sentenced the defendant as if he had been 26 years old and declined to consider his age of mitigation, stating that he was 26 years old. When, in fact, the defendant was only 21 years old at the time of the offense. And, therefore, it would have been proper for the judge under the Illinois case law predating him to consider his age of mitigation. Thank you. For your, uh, so, I request, the defendant requests to know if it's possible for him to go to the sentencing hearing. Thank you. Counsel? Yes. Thank you, Your Honor. May I please report? Go ahead, Your Honor. Counsel? Yeah. Thomas Robbins, on behalf of the Indian people. This case is about whether the trial judge's oral pronouncements can be taken out of their case and whether a correction by the trial judge can be given the weight that it deserves. In this case, yes, there was an initial error that the trial judge thought that he could add on the extended term sentence based upon approval. Right. So, I went down the path I should have. Exactly. He said that. Is that the exact words? Those are the exact words of the, at least, most recently said. Yes. Uh, but, even at the sentencing hearing, he specifically initially said, I am not going to give this any weight. Then, later, after defense counsel brought it up, he said, I am withdrawing the filing approval of his, uh, prohibited approval. Uh, there is, it is exactly what we expect trial courts to do. It is the underlying, uh, theory or reasoning purpose behind why do motions reconsider, and the reasons for forfeiture is to preserve judicial resources in order to, uh, and put dependents on those or partners on those, that they have to create errors to the trial court's attention so they can correct them. That's what happened. In this case, the defense counsel brought it up and said, hey, what about this? I am going to, and the trial judge said, I am withdrawing it altogether. He didn't even give him any weight. He didn't. I pointed out to, um, page 1641 of the record, the trial judge asked what would the impact be if he didn't make this finding, and the state said 35 to 75 years would be the actual sentencing age, and the defense counsel agreed. The trial court then said, I am not giving this any weight. This is a sentence that I am giving you, uh, without that finding. What does the record appear to give weight to? I'm sorry? What does the record show that? He stated, uh, at some point it was the factor of seven under aggravation, uh, to prevent future others from fitting the age requirement. So that is an appropriate thing to do. What about those 21, 25, or 26? Well, I pointed out that in a brief that that comment was made not at sentencing, but at the re-hearing, uh, that means that they're looking for reconsideration. Uh, generally the trial court is presumed to know the law, the PSI. I pointed out that there was a new PSI, but it doesn't seem to carry a record. But regardless, it would generally have the correct birth date, and the trial court would be aware of the age at the time the action imposes the sentence. That 26 comment was the care of the age bound case mostly considered here, and therefore, uh, and regardless, uh, despite counsel's argument, uh, only a individual's youth in the Supreme Court is determined as a, when they're under 18, has to have some consideration as to their, uh, youthfulness, I guess. The age of 21, or 18 and above, is no mitigating factor in there. So whether he said 21 or 26, uh, it makes no difference. Also, uh, if he believed he was 26 and gave a 70-year sentence, yeah, it's five additions, and 75 years was his original sentence. So, if he probably believed he was 21, assuming that there was an error, and I guess I pointed out that 26 was the old comment was, uh, reconsidered. Finally, I would comment, well, not finally, where it teased the trial judge made an incorrect statement that extenuating sentences for anyone 12 and under were available for victims 12 and under. He never corrected that, and the evidence showed that none of the actual victims were under 12. The actual standard was under 12. That's why this court remanded for new sentencing, not because the judge, well, because the judge misunderstood it and never corrected it, never brought it to the judge's attention. Here, the judge corrected it, understood what the sentencing range is, and, uh, therefore, it's not, the verdict is not appropriate. Uh, finally, as I pointed out, I guess it's pretty much done away with the argument as the general argument to people 21 should have the same considerations on the new one. I understand that that statement's not final, but it is certainly applicable, and, uh, I also pointed out, I informed counsel last night that I noted, uh, should have called earlier, but last week, the, uh, Supreme Court directed the First District to vacate this decision and people v. House to reconsider the line of heresy, so that case is no longer in the verdict. Uh, that's, oh, and as far as the as-applied argument, there's not insufficient evidence in this record to make any sort of determination as to that, and we cite the key evidence for that proposition. Here, it's also in the precedent. So the question here, this court will defer. Thank you, counsel. Counsel. Thank you. Thank you, Your Honor. There was no correction of the error in this case of the court believing that the external term sentence applied. The court may have not relied on a factor. It doesn't mean, as I argued previously, that the court understood that it had no discretion to examine or, uh, consider whether an extended term sentence was possible. Um, just because the court withdrew, it practically does not mean that it understood that an extended term sentence was not possible, and that is similar to my earlier case, where the court, in that case, may not have withdrawn the factor, but, again, did not rely on the factor in imposing a sentence within the base range. Here, the court did withdraw the factor, but there's nothing to show that it did so in recognition that the same term sentence did not apply in the first place. If the court had recognized that a penalty applied here, I would have no argument. But the court never understood it. The court believed it had discretion to either, um, apply the factor in imposing an extended term sentence or not apply the factor. Decided not to apply the factor. That doesn't mean that the court somehow, uh, believed that a penalty applied. Well, what do you think he meant when he said I went down the wrong path? That he should not have... What he did was withdraw the fact... the, um, the fact... He never said, um, that, um, the, um, that an extended term sentence was not possible in this case. Um, the fair reading of the record just shows that he exercised his discretion not to, um, impose the factor. While he said, and I'm quoting from the record at page 1647, quote, unquote, I'm not going to find that this was accompanied by such incrudible behavior to the point of approval. He just withdrew the fact. That's all he did. He never recognized the penalty prohibiting him from issuing an extended term sentence. What did he just say? I went down a path I should not have. He did say that. He did say that before he... But again, he, when he withdrew the finding, he didn't explain it. It was never brought up at the sentencing hearing. He didn't explain, well, I went down the wrong path because of a penalty, or nits, or sweat. He just withdrew the finding in his discretion. And what I'm saying is that on this record, it would have been possible for him two minutes later to make the finding again because there's no recognition anywhere in the record that the sentence was prohibited under a penalty of extended term sentence. Regarding the 26-21 year difference, the court at the sentencing hearing declined to consider mitigation based on age. So, although the PSI showed that the defendant was 21 years old at the time of the offense, the record shows that the court declined to consider the safety mitigation and so that failure to recognize, to consider mitigation based on age was based on a narrow effect. Wasn't that referenced more in line with whether or not Miller would apply in this situation? Whether Miller applied or not, he still shouldn't have considered it under Miller law. Considering age as mitigation when he was 21 years old prior to Miller, Miller law did not hinge on Miller law. So he still shouldn't have considered his age as mitigation due to the absence of criminal history. But he declined to do so in the statement of relief that he was 26 years old. I don't know why the judge did that. And he was not corrected by the state or by defense counsel, which is why I'm arguing that there was confusion as to the facts in the law by the parties in the court in this case. Thank you. Your Honor, this was not the sort of sentencing hearing that I think is contemplated for defendants where there's confusion as to what law applies and as to what facts apply. The defendant was entitled to a sentencing hearing based on a matter of understanding of the facts in the law. And for that reason, I ask that this case be denied a fully sentencing hearing. Thank you, counsel. Thank you, Your Honor. I thank you both for your arguments in this case. The court will take this matter under advisement and render a decision with dispatch. Thanks again.